UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 07-30 |
| JERMAINE SURTAIN | SECTION "A" |

## ORDER AND REASONS

Before the Court is a **Motion for Reduction in Sentence (Rec. Doc. 66)** ("Motion for Compassionate Release") filed by the *pro se* defendant, Jermaine Surtain. Having considered the Motion, the Government's response (Rec. Doc. 68), and Mr. Surtain's reply thereto (Rec. Doc. 69), the motion is denied.

I.   BACKGROUND

In February 2007, after cooperating with Government authorities, Jermaine Surtain pled guilty to a two-count bill of information charging him with unlawfully receiving, possessing and disposing of stolen firearms (18 U.S.C. §§ 922(j), 924(a)(2)) and being a convicted felon in possession of a firearm (18 U.S.C. §§ 922(g)(1), 924(a)(2)), in connection with the burglary of Puglia's Sporting Goods, a federally licensed firearms dealer.[1] In 2009, Surtain moved this Court, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence on the basis that he received ineffective assistance of counsel and the Court erred in calculating the applicable guidelines range.[2] The Court denied his motion.[3]

Surtain now asks the Court to grant his compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) for the following reasons: (i) if sentenced today, he would not be held accountable

---

[1] *See* Rec. Doc. 21, Plea Agreement; Rec. Doc. 22, Factual Basis.

[2] Rec. Doc. 51.

[3] Rec. Doc. 62.

for the one hundred guns stolen from Puglia's Sporting Goods based on alleged changes to the Sentencing Guidelines; (ii) COVID-19 related prison conditions; (iii) if sentenced today, his conviction for felon in possession of a firearm would be dismissed as unconstitutional in violation of his Second Amendment rights; and (iv) his rehabilitation efforts and progress.[4]

## II.  LEGAL STANDARD

Surtain filed his motion for a sentence modification under the First Step Act of 2018 ("First Step Act"). This statute allows for the modification of a term of imprisonment upon a finding that certain extraordinary and compelling reasons warrant a reduction in an inmate's sentence. In its current form, the compassionate release provision provides that:

> (c) Modification of an Imposed Term of Imprisonment — the court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

---

[4] *See generally* Rec. Doc. 66.

Although sentence reductions under § 3582 historically could be ordered only upon a motion by the Director of the Bureau of Prisons ("BOP"), the First Step Act amended the statute to allow prisoners to petition the district courts as set forth above. However, a prisoner must first exhaust his administrative remedies either by fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release on his behalf, or by filing the motion with the court after a lapse of 30 days from the date of the warden's receipt of his request for release, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A).

If administrative remedies are sufficiently exhausted, then

> [A] prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Id.*

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022).

The applicable Sentencing Commission Policy Statement ("Policy Statement") provides that extraordinary and compelling reasons may exist when certain circumstances, alone or in combination, are present. *See* U.S.S.G. § 1B1.13(b) (2023). Those include certain medical conditions of the defendant; the defendant being housed at a facility affected, or at imminent risk of being infected, by an ongoing outbreak of an infectious disease or a public health emergency; and the defendant's age, family circumstances, status as a victim of abuse, or other reasons that "are similar in gravity." *Id.* § 1B1.13(b)(1)–(5). Additionally,

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but

> only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* § 1B1.13(b)(6).

Otherwise, "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." *Id.* § 1B1.13(c). But if a defendant can establish that an extraordinary and compelling reason warrants a sentence reduction, "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Id.*

Similarly,

> [p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

*Id.* § 1B1.13(d).

### III. ANALYSIS

The Government does not dispute that Surtain has exhausted his administrative remedies,[5] so the Court may proceed to consider whether he has established that (i) "extraordinary and compelling reasons" justify the reduction of his sentence, and (ii) his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Jackson*, 27 F.4th at 1089. Where a prisoner has not sufficiently identified "extraordinary and compelling reasons" justifying his

---

[5] Rec. Doc. 68, at 3.

release—like Surtain has failed to do here—a court may deny a motion for compassionate release without reaching the Section 3553(a) factors. *Id.* at 1093 n.8.

### i. Surtain has not established that an extraordinary and compelling reason justifies his compassionate release.

A definition of "extraordinary and compelling reasons" does not exist in Section 3582, but the Fifth Circuit provided guidance in *United States v. Escajeda*, 58 F.4th 184 (5th Cir. 2023):

> We understand "extraordinary" to mean "beyond or out of the common order," "remarkable," and synonymous with "singular." *Extraordinary*, WEBSTER'S NEW INTERNATIONAL DICTIONARY 903 (2d. ed. 1934; 1950) ("WEBSTER'S SECOND"); *see also United States v. Jenkins*, 50 F.4th 1185, 1197 (D.C. Cir. 2022) (Katsas, J.) (defining "extraordinary" as "most unusual," "far from common," and "having little or no precedent" (quotation omitted)). "Compelling" is a participle of "compel," which means "to drive or urge with force, or irresistibly," "to force," and "to subjugate." *Compel*, WEBSTER'S SECOND, *supra*, at 544. These terms explain why prisoners can seek relief under § 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner.

*Id.* at 186; *but cf. United States v. Jean*, 108 F.4th 275, 286 (5th Cir. 2024) ("We read *Escajeda* to require that the extraordinary and compelling reasons for compassionate release, as a whole, must be 'unique to the life of the prisoner.'") (petition for rehearing en banc filed Sept. 18, 2024).

As previously stated, Surtain asserts that his compassionate release is justified for the following reasons: (i) if sentenced today, he would not be held accountable for the one hundred guns stolen from Puglia's Sporting Goods based on alleged changes to the Sentencing Guidelines; (ii) COVID-19 related prison conditions; (iii) if sentenced today, his conviction for felon in possession of a firearm would be dismissed as unconstitutional in violation of his Second Amendment rights; and (iv) his rehabilitation efforts and progress.

### a. Subsequent change in the law

The Court begins with Surtain's first and third reasons justifying his compassionate release, which are premised on meritless allegations respectively relating to Sentencing Guidelines amendments and the constitutionality of 18 U.S.C. § 922(g).

Surtain first alleges that, based on the "2024 U.S. Sentencing Guidelines, he could not be held accountable for the 100 guns stolen from Puglia's Sporting Goods and his Guideline Range would be substantially lower . . . which creates an 'unwarranted disparity in sentencing.'"[6] However, the guidelines governing Specific Offense Characteristics are unchanged from 2007 to 2024. *Compare* U.S.S.G. § 2K2.1(b)(1)(d) (2007) (noting that, if the offense involved between 100 and 199 firearms, there is an eight level increase), *with* U.S.S.G. § 2K2.1(b)(1)(d) (2024) (same). As such, there is no change in the law for the Court to consider.[7]

He next argues that, if sentenced today, his "Felon in Possession of a Firearm conviction would be dismissed with prejudice as 'unconstitutional' in violation of his Second Amendment rights."[8] The Court need not address the merits of this argument because "a prisoner cannot use §

---

[6] Rec. Doc. 66, at 5.

[7] In reply, Surtain alleges that *United States v. Brummett*, 355 F.3d 343, 344–45 (5th Cir. 2003)—which the Government relies on for the proposition that "A district court may consider non-adjudicated offenses (offenses for which the defendant has neither been charged nor convicted) that occur after the offense of conviction, provided they constitute 'relevant conduct' under U.S.S.G. § 1B1.3" (*see* Rec. Doc. 68, at 13)—has been superseded by more recent Fifth Circuit rulings. Rec. Doc. 69, at 6. This is incorrect. *See, e.g.*, *United States v. Spriggs*, 858 F. App'x 718, 720 (5th Cir. 2021) (per curiam) (relying on the *Brummett* for the above-stated proposition); *United States v. Howard*, No. 24-40033, 2024 WL 4449866, at *3 (5th Cir. Oct. 9, 2024) (per curiam) (same).

[8] In support of this contention, he cites to *New York Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) and *Rehaif v. United States*, 588 U.S. 225 (2019). In *Bruen*, the Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home," *id.* at 8; however, it did not determine 18 U.S.C. § 922(g)(1) to be unconstitutional. *See id.* at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm . . . ."). And in *Rehaif*, the Court held that, in a prosecution under Sections 922(g) and 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 588 U.S. at 230–31. It is undisputed that both of the *Rehaif* requirements are met here. *See* Rec. Doc. 22, at 2 (noting that Surtain's criminal history includes prior convictions for possession of cocaine, in violation of state law, and for possession of a firearm by a convicted felon).

3582(c) to challenge the legality or duration of his sentence; such arguments can, and hence **must**, be raised under Chapter 153 [of Title 28]." *Escajeda*, 58 F.4th at 186-87.

### b. *COVID-19 and other prison conditions*

According to Surtain, the additional restrictions imposed by COVID-19, as well as the dangers associated with the illness, constitute "an 'extraordinary and compelling reason' supporting a reduced federal sentence to 'time served.'"[9] These restrictions allegedly include week or month-long lockdowns, deprivation of access to a shower on a daily basis, cold food, lack of adequate medical treatment, and poor mask quality.[10] Surtain also alleges that his recreation and library time, as well as family visitation have been limited by the pandemic.[11]

His reliance on pandemic-related prison lockdowns is neither compelling nor extraordinary because the COVID-19 public health emergency ended on May 11, 2023, and Surtain does not alternatively point to "an ongoing outbreak of infectious disease."[12] U.S.S.G. § 1B1.13(b)(1)(D)(i)–(ii). The Court recognizes that the lockdowns prevented him from seeing family, having meaningful social contact, and from basic physical movement within the prison; but to the extent this hardship continues to confront Surtain, it confronts other inmates, too—and, for that matter, every prisoner in any other prison affected by the steps that were taken or, in the ongoing outbreak of infectious disease, continue to be taken to curb the spread of the virus within prison walls. It is more ordinary than it is extraordinary:

> [T]he conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all

---

[9] Rec. Doc. 66, at 7.

[10] *Id.*

[11] *Id.*

[12] *See* COVID-19 Public Health Emergency, DEP'T HEALTH & HUM. SERVS., http:// www.hhs.gov/coronavirus/covid-19-public-health-emergency/index.html (last visited Dec. 6, 2024).

> inmates who are currently imprisoned and hence are not unique to
> any one person.

*United States v. Koons*, 455 F. Supp. 3d 285, 291 (W.D. La. 2020); *United States v. Iruegas*, No. 18-366, 2021 WL 1169348, at *2 (S.D. Tex. Mar. 25, 2021) (same).

### c. Rehabilitation efforts and progress

Finally, Surtain seeks compassionate release in light of his rehabilitative efforts in prison.[13] While the Court finds his efforts admirable, his rehabilitation alone is not sufficiently "extraordinary or compelling" to warrant compassionate release. *See United States v. Hughes*, No. 4:18-CR-46(25), 2022 WL 2483720, at *4 (E.D. Tex. July 6, 2022) (collecting cases). Indeed, in advising the Sentencing Commission to define "extraordinary and compelling reasons," Congress provided just one restriction: "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). "Congress's decision to rule out rehabilitation suggests that rehabilitation is expected, not extraordinary." *United States v. Carrera*, No. 3:14-CR-0367-B-40, 2023 WL 1070609, at *4 (N.D. Tex. Jan. 27, 2023).

### ii. Section 3553(a) factors

Surtain has not identified extraordinary and compelling reasons, so the Court need not reach the factors outlined in 18 U.S.C. § 3553(a). *Jackson*, 27 F.4th at 1093 n.8. But even if the Court were to find his reasons extraordinary and compelling, it would still conclude that compassionate release is not warranted based on consideration of the factors set forth in Section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). The most applicable factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," and (2) the "need for the sentence imposed— (A) to reflect the seriousness of the offense, [or] to promote respect

---

[13] Rec. Doc. 66, at 12–13.

for the law . . . ; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(C). After considering each of the Section 3553(a) factors, the Court concludes that a sentence reduction would be inappropriate.

Accordingly;

**IT IS ORDERED** that the **Motion for Reduction in Sentence (Rec. Doc. 66),** filed by Defendant Jermaine Surtain, is **DENIED**.

January 7, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE